**James Edward SMITH, Plaintiff–Appellant,**

v.

**METROPOLITAN TRANSITIONAL CENTER, Defendant Appellee.**

No. 02–6383.

United States Court of Appeals, Fourth Circuit.

Submitted June 20, 2002.

Decided July 1, 2002.

James Edward Smith, Appellant Pro Se. Gloria Wilson Shelton, Office of the Attorney General of Maryland, Baltimore, Maryland, for Appellee.

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

James Edward Smith appeals the district court's entry of summary judgment for the Metropolitan Transitional Center (the Center) in this action under 42 U.S.C.A. § 1983 (West Supp.2001). Smith sought damages for pain and suffering, alleging that employees of the Center committed medical malpractice in failing to remove one of several sutures used to repair a wound to his ear. He asserts that the suture caused him pain and discomfort.

To prevail on a § 1983 medical treatment claim, one must allege acts or omissions evidencing deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference can be established by showing that the medical treatment was so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). An assertion of negligence or malpractice in diagnosis and treatment does not present a constitutional claim. *Estelle*, 429 U.S. at 105–06, 97 S.Ct. 285.

Smith's allegation does not amount to a charge of deliberate indifference to a serious medical need, but is a claim of malpractice not actionable under § 1983. Therefore, we affirm the district court's entry of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*